### American Lithuanian Club.

*Corporation — Not for profit — Political club — Single purpose — Act of July 15, 1897.*

1. A charter for a corporation of the first class must be devoted to a single purpose mentioned in either the Act of April 29, 1874, P. L. 73, or the Act of July 15, 1897, P. L. 283.

2. *Semble.* A political club cannot be chartered under the Act of July 15, 1897, P. L. 283, as a corporation "not for profit," and especially is this so where the membership is confined to the members of a particular church.

Petition for incorporation. C. P. Lackawanna Co., Jan. T., 1925, No. 186.

*P. H. Maxey*, for petitioners.

EDWARDS, P. J., Jan. 5, 1925.—Looking at the title of the proposed corporation, it would appear that the intention of the petitioners is to form a political club. There are several Common Pleas decisions which hold that an incorporation for such a purpose does not come within any of the provisions of the Act of July 15, 1897, P. L. 283, relating to the creation of corporations "not for profit." Regardless, however, of this question, the present application must be refused for other reasons. An examination of the petition shows that more than one purpose is set forth therein. According to the words of the petition, it is stated that "the purposes of the American Lithuanian Club are as follows." Then follows the statement in these words:

"To promote an interest in a knowledge of local and national political questions among Americans of Lithuanian ancestry; to encourage and aid persons of Lithuanian ancestry and citizenship in becoming citizens of the United States; to provide a meeting place where those persons of Lithuanian parentage and their friends may meet for social purposes; and to provide for members of the intended club or corporation a system of sick and death benefits to be conducted on a mutual and non-profit making basis."

A fair inference from the somewhat vague language of the first part of the statement is that the petitioners intend to form a political club. In the same paragraph two other purposes are mentioned, viz., a club for social purposes and a society for beneficial or protective purposes. In other words, we find before us an attempt to form a club or corporation for two of the fourteen purposes named in section 2 of the Act of 1897, providing for corporations of the first class—not for profit, in addition to the political item. It should be understood that under the Act of 1897, as well as under the prior Act of 1874, a corporation not for profit must be devoted to a single purpose mentioned in either act. If a petition for incorporation may include two purposes, it would follow that such a petition may also include the fourteen purposes named in the act, which, of course, would be an anomaly and contrary to any rule of practice.

We are leaving undecided the question of granting a charter for a purely political purpose. However, if such an incorporation were legal, it could not be granted on the present petition, because of the discrimination contained in the seventh paragraph, which confines the prospective membership to members of the Roman Catholic Church. Such a restriction would be perfectly proper in a petition for a charter under the first or second purpose enumerated in the act providing for the incorporation of corporations of the first class.

Now, Jan. 5, 1925, the incorporation of the "American Lithuanian Political Club," of Carbondale, is refused.

From William A. Wilcox, Scranton, Pa.